UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CARLOS DAWSON, | Case No. 15-cv-03633-YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; AND GRANTING HIM A SECOND EXTENSION OF TIME TO FILE COMPLAINT AND *IN FORMA PAUPERIS* APPLICATION** |

Plaintiff, a state prisoner, filed with the Court a letter addressed to the California Prison Health Care Receivership. The Clerk of the Court construed the letter from Plaintiff as a request to file a *pro se* prisoner complaint under 42 U.S.C. § 1983. On August 10, 2015, the Clerk of the Court sent Plaintiff a notice directing him to file a complaint on form along with an application to proceed *in forma pauperis* ("IFP") within twenty-eight days. He was warned that the failure to do so within the twenty-eight-day deadline would result in the dismissal of this action without prejudice. On October 29, 2015, the Court granted Plaintiff an extension of time to file his complaint and IFP application, and set a new deadline of November 27, 2015. Dkt. 6.

The November 27, 2015 deadline has passed, and Plaintiff has not filed the requisite documents. Instead, Plaintiff has filed a request for a second extension of time to file these documents. Dkt. 8. He has also filed a request for appointment of counsel. *Id.*

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). The court may seek counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d

1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.*

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono* appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Accordingly, the request for appointment of counsel is DENIED without prejudice to filing a renewed motion for the appointment of counsel after Plaintiff has filed his complaint and IFP application. Dkt. 8. At that time, the Court will be in a better position to consider the procedural and substantive matters at issue.

Meanwhile, Plaintiff's request for a second extension of time to file a complaint and IFP application is GRANTED. Dkt. 8. No later than **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his complaint and a completed IFP application form along with his trust account statement and certificate of funds. The failure to do so on or by the twenty-eight-day deadline will result in the dismissal of this action without prejudice.

The Clerk shall send Plaintiff a blank civil rights complaint form and a blank prisoner IFP application form along with a copy of this Order.

This Order terminates Docket No. 8.

IT IS SO ORDERED.

Dated: December 18, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge