UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS MANWELL DAWSON,

    Plaintiff,

    v.

WARDEN MUNIZ, et al.,

    Defendants.

No. C 15-3633 EDL (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

(Docket No. 20)

Plaintiff, an inmate at California State Prison - Lancaster, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.[1] Plaintiff is granted in forma pauperis in a separate order. For the reasons stated below, the complaint is DISMISSED with leave to amend.

## DISCUSSION

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 11.)

violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff names as defendants: Warden Muniz, Health Care Services, Nurse Practitioner R. Erguiza, Dr. L. Gamboa, Dr. K. Kumar, Dr. Birdsong, Deputy Director J. Lewis, and the nurse practitioner "assigned to B Facility as a doctor." Plaintiff alleges that, from July 2015 through October 2015 when he was housed at Salinas Valley State Prison, he fell ill due to his sarcoidosis disease, and suffered from vomiting, difficulty breathing, swollen limbs, hives throughout his body, sore joints and muscles, cramps and muscle spasms, weakness, and other ailments. Plaintiff's appointment with a Rheumatologist continued to be postponed, and Plaintiff believes that the medical doctors or medical administrative staff are not concerned with his pain and suffering. Plaintiff alleges that his medical needs are not being addressed or treated adequately. As currently pled, however, Plaintiff has not stated a cognizable claim for relief. The complaint will be dismissed with leave to amend.

In order to state an Eighth Amendment claim for cruel and unusual punishment as it relates to medical treatment, Plaintiff must demonstrate: (1) a serious medical need, and (2) the nature of the defendants' response to that need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

For each instance in which Plaintiff allegedly was denied medical treatment, Plaintiff must explain what his medical need was, and allege facts showing deliberate indifference to it. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment). Plaintiff should (a) describe the medical need, (b) identify the date on which the medical treatment was refused, (c) identify who refused to provide medical treatment, (d) describe how he alerted that person to his need for medical treatment, and (e) state how the refusal to provide medical treatment affected him.

As to every defendant Plaintiff seeks to hold liable, Plaintiff must name him/her in his amended complaint and must allege his claim(s) against him/her. In his amended complaint, he should describe what each defendant did (or failed to do) that caused a violation of his constitutional rights so that each proposed defendant has fair notice of his allegedly wrongful conduct. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability under § 1983 arises only upon a showing of personal participation by a defendant). Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013). Plaintiff must link each defendant's actions or inactions with plaintiff's claims. He must "set forth specific facts as to each individual defendant's" actions which violated his or her rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A defendant cannot be held liable simply based on his membership in a group; rather, each individual defendant's participation in unlawful conduct must be shown. *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996). Either personal involvement or integral participation of the officers in the alleged constitutional violation is required before liability may be imposed; liability may not be imposed based solely on an officer's presence during the incident. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009).

To the extent Plaintiff is attempting to impose supervisory liability on some

3

defendants, a supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). Plaintiff should keep in mind that where there is no evidence that the supervisor was personally involved or connected to the alleged violation, the supervisor may not be liable. *See Edgerly v. City and County of San Francisco*, 599 F. 3d 946, 961-62 (9th Cir. 2010).

For the above reasons, Plaintiff's complaint will be dismissed with leave to amend to provide the information as specified above. Although the federal rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff has also filed a motion to add new factors or evidence, and has included facts in an effort to update the court on events that have occurred since he filed his complaint in December 2015. Plaintiff's motion is denied as unnecessary. Plaintiff may include these new facts in his amended complaint, on the condition that he has exhausted his claim(s) through the administrative grievance procedure.

## CONCLUSION

1. Plaintiff's motion to add new factors or evidence is **DENIED** as unnecessary.

2. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original and supplemental complaints, Plaintiff must include in it all the claims he wishes to

4

1  present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not
2  incorporate material from the original complaint by reference.  **Failure to file an amended**
3  **complaint within the designated time and in compliance with this order will result in**
4  **the dismissal of this action.**

5     3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
6  informed of any change of address by filing a separate paper with the clerk headed "Notice
7  of Change of Address," and must comply with the court's orders in a timely fashion.  Failure
8  to do so may result in the dismissal of this action for failure to prosecute pursuant to
9  Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April  27 , 2016.



ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\CR.15\Dawson633dwla.wpd

**United States District Court**
For the Northern District of California